**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JAJUAN DAVIS,

                Petitioner,                Case Number: 2:06-CV-11281

v.                                          HON. GEORGE CARAM STEEH

SHIRLEE HARRY,

                Respondent.
                                          /

## ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AND GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*

Petitioner Jajuan Davis filed a *pro se* petition for a writ of habeas corpus. On February 5, 2008, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus. Petitioner has filed a Motion for Certificate of Appealability and Motion to Proceed on Appeal *In Forma Pauperis.*

Before Petitioner can appeal the Court's decision, a certificate of appealability under 28 U.S.C. § § 2253(c)(1) and Fed. R. App. P. 22(b) must issue. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the petition is dismissed on procedural grounds, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

encouragement to proceed further.'" Id. (quoting Barefoot v. Estelle, 463 U.S. 890, 898 n.4 (1983)).

Petitioner presented three claims in his habeas corpus petition. He seeks a certificate of appealability with respect to one of those claims, that his custodial statement was improperly admitted at trial because it was involuntary. In his petition, Petitioner argued that his confession was involuntary because the police promised him leniency if he gave a confession and because he was only seventeen-years old, did not have a parent or guardian present, was relatively uneducated, and had limited contact with police.

The Michigan Court of Appeals upheld the trial court's determination, following an evidentiary hearing, that the police officer's testimony that he did not offer Petitioner leniency in exchange for a confession was more credible than Petitioner's contrary testimony. In addition, the Michigan Court of Appeals held that, considering the totality of the circumstances, including Petitioner's age and educational background, Petitioner failed to show that his confession was involuntary.

Presuming the correctness of state court factual determinations, including credibility determinations, Bailey v. Mitchell, 271 F.3d 652, 656 (6th Cir.2001); 28 U.S.C. § 2254(e)(1), this Court concluded that Petitioner failed to present "clear and convincing evidence" to rebut the state court's finding that no promises of leniency were made to Petitioner. 28 U.S.C. § 2254(e)(1); McAdoo v. Elo, 365 F.3d 487, 494 (6th Cir. 2004). In addition, this Court concluded that, based upon the totality of the circumstances in this case, including that Petitioner signed a Miranda waiver form, that he testified he understood his rights and that the interrogating detective testified that Petitioner did not appear to be sleep- or food-deprived, it was objectively

2

reasonable for the Michigan Court of Appeals to hold that Petitioner's confession was voluntary.

The Court finds that jurists of reason would not find the Court's assessment of the foregoing claim to be debatable or wrong. See Slack, 120 S. Ct. at 1604. Therefore, Petitioner has failed to show that he is entitled to a certificate of appealability.

Also before the Court is Petitioner's Motion to Proceed *In Forma Pauperis* on Appeal. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." U.S. v. Cahill-Masching, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000). While the Court held that jurists of reason would not find the Court's assessment of the foregoing claim to be debatable or wrong, the Court finds that an appeal may be taken in good faith. The Court, therefore, shall grant the Motion to Proceed On Appeal *In Forma Pauperis*.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion for Certificate of Appealability is **DENIED** and his Motion to Proceed On Appeal *In Forma Pauperis* is **GRANTED**.

Dated: April 3, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 3, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk